The Chief Justice delivered the opinion of the court.
The judgment of the justice in this case, founded upon a report of referees, was rendered on the first day of December, 1826. On the sixteenth of that month, the appellant delivered to the justice an appeal bond, and demanded an *363 appeal. On the twelfth of February, 1827, he made before the justice an affidavit that the appeal was not intended for delay. And on the next day the justice transmitted to the Court of Common Pleas the transcript, appeal bond and affidavit. That court dismissed the appeal, because the ^affidavit was not filed with the justice at the time [*292 of the filing of the appeal bond. The appellant has applied to this court for a mandamus to restore the appeal, and insists that the affidavit having been filed before the justice had made return of his proceedings, and before the first day of the term next succeeding the judgment, until which time he was allowed by law to demand an appeal, was filed in due season.
The legislature have prescribed certain terms upon which an appeal is to be granted. If these terms are not fulfilled the appeal ought not to be sustained. The act of November, 1821, authorizes an appeal from a judgment obtained on a report of referees within the same time, in the same manner, and upon the same terms, as in other cases where an appeal is granted.” The act of February, 1818, requires the appellant to deliver to the justice a bond with proper security, conditioned duly to prosecute the appeal. The act of November, 1821, provides “that no appeal shall be granted to remove a judgment rendered upon the verdict of a jury, or on the report of referees, unless the party demanding the appeal shall at the time of filing the appeal bond with the justice, also file with him an affidavit, made by the said party, stating that the said appeal is not intended for the purpose of delay, and that he verily believes that he hath a just and legal defence to make upon the merits of the case.” The language of this clause is too plain and explicit to admit of doubt or controversy as to its meaning. The affidavit shall be filed at the time of fding the bond. No appeal shall be granted unless the affidavit be so filed. Such are the expressions used by the legislature. But it is insisted that a meaning different from the plain import of the words, *364 and a rule variant from what is thus distinctly prescribed, should be adopted by the court, because many incoveniences may otherwise result. Some of these anticipated inconveniences are more imaginary than real. Por instance, if the, appellant should file a bond without filing .an affidavit, he might, notwithstanding, afterwards, within the period allowed for demanding an appeal, file another bond with a proper affidavit, and thereby entitle himself to the appeal. But whatever disadvantages may flow from the rule prescribed in the act, we cannot substitute another rule which might, in our view, be more suitable and convenient. As we remarked, in the case of Miller v. Martin, 3 Halst. 204. “We are not at liberty to say the legislature did not intend what they have clearly and unequivo*293] *cally expressed, or that they could not impose such a condition, since they might have wholly denied the appeal.” If serious inconveniences exist, we have no doubt the wisdom of the legislature will promptly remove them.
Upon the question whether the Court of Common Pleas rightly ordered costs on the dismission of the appeal, we express no opinion. The point is not regularly before us.
The application for mandamus is overruled.